BARTELS and others *v.* REDFIELD.

*(Circuit Court, S. D. New York.   April 4, 1883.)*

ACTION TO RECOVER ILLEGAL DUTIES—"FRAIS JUSQU'A BORD"—PECULIAR VERDICT CONSTRUED—MODIFICATION—BAR.

   In 1864 a verdict was rendered in open court, by consent of counsel, in an action to recover certain duties alleged to have been illegally exacted by the collector of the port of New York, "for the plaintiffs, for excess of duty, with interest thereon, illegally exacted from the plaintiffs, and paid under protest

to defendant, and not barred by the statute of limitations." Among the charges which were specified as recoverable were "charges on merchandise imported at New York for the transportation of the goods from the interior of the country by railroad or water carriage, incurred prior to the time of exportation." A reference was made to ascertain the amount due, and defendants excepted to the report. *Held*—

(1) That the verdict precluded the defendant from denying that the plaintiffs were entitled to recover the excess of duties illegally exacted by and paid under protest to him, and that when plaintiff showed that he had paid excessive duties under protest he was entitled to recover the same.

(2) That the verdict was to be treated as a stipulation, and subject to modification, and an order of the court refusing to allow defendant to set up the statute of limitations precluded him from making such a defense at this stage of the case.

(3) That, construing the verdict with the aid of the protests, it was never intended to authorize the recovery of duties paid for "*frais jusqu'a bord.*"

(4) That, as the verdict did not liquidate the damages recoverable by the plaintiff, there was no rest at the date of the verdict, but the interest ran continuously from the date of payment of the excessive duties until the date of the liquidation by the referee.

(5) That a misjoinder of parties could not be availed of by defendant under a plea of *non-assumpsit*, though possibly under this very peculiar verdict it might have been taken advantage of by plea of misjoinder.

Two of the plaintiffs in this suit constituted the firm of Renauld & Francois, and in such firm name imported certain Champagne wines. Subsequently all of the plaintiffs, as successors of such firm, constituted the firm of Renauld, Francois & Co., and in their firm name imported certain other Champagne wines. These wines were produced at Reims, in France, (one of the principal markets for such wines in that country,) where they were invoiced for shipment to New York via Havre. The invoices showed two items of charges—one, "Transport on Havre," meaning charges for transportation or freight from Reims to Havre; and "*frais jusqu'a bord,*" meaning cartage in Havre,—commissions to the shipping merchants at Havre who there received the wines and put them on board ship for exportation. The defendant's testator, Herman J. Redfield, as collector of customs, exacted duty upon these charges, as well as upon certain other commissions, pursuant to section 1 of the act of March 2, 1851, (9 St. at Large, 629.) Prior to such exaction, the plaintiffs, under the act of February 26, 1845, (5 St. at Large, 727,) protested against the payment of duty upon commissions above the usual rates, and upon charges for inland freight or transportation from Reims to Havre. In 1863, or more than six years after such exaction, the plaintiffs brought this suit against Mr. Redfield to recover such duties. Their declaration was a common-law declaration, and al-

leged indebtedness as existing at the commencement of the suit. The defendant's plea was *non-assumpsit*. In 1864 a verdict was rendered by consent in this and 66 other suits for no liquidated amount, but subject to adjustment by a referee. So much of this verdict as applied to the issues raised by the defendant appears in the opinion of the court. In 1874, on application of the plaintiff, an order was made nullifying a provision in the verdict as to the statute of limitations, except in those of the 67 suits, in which the statute was pleaded as a defense. Prior to the commencement of this suit plaintiffs brought a suit against Mr. Redfield, and in 1864 recovered judgment for a part of such duties paid upon many of the entries upon which they sought to obtain a further recovery in this suit. On the hearing before the referee the defendant admitted that duties paid on commissions above the usual rates were recoverable, but insisted: (1) That no recovery could be had on any item of such suit because (a) the judgment and satisfaction thereof in the former suit was a complete bar to such recovery; and (b) each of such items was barred by the statute of limitations. (2) That neither under the verdict or protest in this suit was the duty paid on "*frais jusqu'a bord*" recoverable. (3) That, as the verdict did not liquidate plaintiffs' damages, there was no *rest* at the date of the verdict; but interest ran continuously from the date of payment of the excessive duties recovable by plaintiffs until the date of the liquidation of the amount thereof by the referee. But the referee reported against the defendant on each of these propositions, and, on exceptions duly raised thereto, his report and the defendant's exceptions came before the court with the result stated below.

*A. W. Griswold,* for plaintiffs.

*Elihu Root,* U. S. Atty, *E. M. Morse,* and *Thos. Greenwood,* for defendant.

WALLACE, J. In 1864 a verdict was rendered in this case, and a number of other cases involving the same questions, upon the consent of counsel in open court. The suits were brought to recover duties alleged to have been illegally exacted by the defendant as collector of the port of New York upon merchandise imported by the plaintiffs. The duties were levied under section 1 of the act of congress of March 3, 1851, directing the collector to levy duty upon the actual market value or wholesale price of merchandise, at the period of exportation to the United States, in the principal markets of the country from which the same is imported, and upon "all costs and charges except

insurance, and including in every case a charge for commissions at the usual rates." The verdict was "for the plaintiffs for excess of duty, with interest thereon, illegally exacted from plaintiffs, and paid under protest to defendant and not barred by the statute of limitations." It further stated in general terms upon what charges and commissions the duties exacted might be recovered; among others, as follows: "On charges on merchandise imported at New York for the transportation of the goods from the interior of the country, by railroad or water carriage, incurred prior to the time of exportation." A reference was subsequently ordered to a referee to ascertain and report the amount due to the plaintiffs in the several cases.

The exceptions to the referee's report present various questions which are not open to consideration. Certainly the verdict rendered in 1864, upon the consent of counsel, must be as conclusive upon the matters covered by it as a stipulation formally made and acquiesced in for nearly 20 years. That verdict precludes the defendant from denying that the plaintiffs are entitled to recover excess of duties illegally exacted by, and paid under protest to, the defendant. When the plaintiffs show that they have paid excessive duties under protest to the defendant, by the terms of the verdict they are entitled to recover the same. The defendant cannot, therefore, avail himself of a defense which proceeds upon the theory that plaintiffs never had a cause of action for the recovery of such duties. The defense of a former suit in bar is of that character.

The defense of the statute of limitations was reserved to the defendant by the terms of the verdict, but when the case was before Judge BLATCHFORD, on defendant's motion to be allowed to plead the statute of limitations, he denied leave. This was, doubtless, upon the theory that the right to interpose that defense only applied to those cases in which it had been pleaded. The verdict was rendered in a large number of cases, and is so indefinite in many of its clauses that Judge NELSON, in 1868, in *Winslow* v. *Maxwell*, and Judge BENEDICT, in 1869, in *Greenleaf* v. *Schell*, treated it as a stipulation open not only to construction but to modification. The order of Judge BLATCHFORD precludes the defendant from availing himself of the statute of limitations.

The defendant insists that the referee improperly allowed the sums paid for duty upon the charges on the merchandise at Havre after its arrival there. The evidence shows that these charges were for cartage and commissions to the merchant who received the merchandise for the plaintiffs, and put it on board ship for exportation.

They were not charges for inland transportation from one principal market to another, and therefore were not specified in the protest of the plaintiffs. Construing the verdict with the aid of the protests, it seems clear that it was never intended to authorize the recovery of duties paid for such charges; and that this is the true construction is the more clear because the recovery intended to be authorized by the verdict was for duties which the courts had held were not legally collectible, and which the treasury department had conceded to have been illegally exacted. This is a part of the history of these cases in this court. It had been decided that charges for freight, on transportation of merchandise from the interior markets of the country to the port of exportation, were not dutiable. *Gibb* v. *Washington*, 1 McAll. 430. It had also been decided that charges for freight or transportation, from the place of shipment to the port of importation, were not dutiable. The treasury department had acquiesced in these decisions. It had never been decided that charges for loading the merchandise on shipboard at the port of exportation, or that the commissions of those who took charge of the merchandise at such port, were not legitimate charges and commissions upon which duty was leviable. In the treasury circular of May 21, 1863, it is announced that just such charges and expenses as are here contested should be added to the value of the goods in levying duty. That regulation was in force, and the recognized rule of the department, when this suit was brought, and when the verdict, upon consent, was entered. It cannot be supposed the government meant to abandon its contention without a contest, and the language of the verdict does not require such an interpretation. The sums paid for duties levied upon these charges and commissions should be disallowed in the recovery. If the protest had contemplated contesting any part of these charges and commissions it might be open to inquiry whether any part of them were incidental to the transportation from Reims to Havre. But there would be no reason for doubt respecting the addition to the market value of such charges as would have been incurred if Reims had been the port of exportation instead of Havre. As the case stands, however, this inquiry cannot be pursued. The verdict is no broader than the terms of the protest.

There is no merit in the point taken by the defendant that the plaintiffs cannot recover for the duties paid during the period when one of them had no interest in the cause of action. If there had been a plea of misjoinder, quite likely, under the terms of this very peculiar verdict, it might have availed the defendant.

The verdict did not liquidate the damages recoverable by the plaintiffs, and it was erroneous to make a rest, at the date of the verdict, in computing the interest which the plaintiffs are entitled to as part of their damages.

The case is referred back to the referee to ascertain the sum due the plaintiffs upon the principles thus stated.